SOCIÉTÉ ANONYMÉ DES SUCRERIES DE SAINT JEAN, Plff.

*v.*

MIGUEL CHIQUÉS BERLINGERY, Dft.

AUGUST AND CONSTANT GOFFINET, Interveners.

---

San Juan, Equity, No. 1019.

Rescission—Accounting.

    Where a contract has been abandoned and an accounting ordered, the accounting relates to the time preceding the abandonment, and not to what the receiver may do afterwards pendente lite.

Opinion filed May 5, 1921.

XII. Porto Rico.—18.

Société Anonymé des Sucreries de Saint Jean **v.** Berlingery.

*Mr. Henry G. Molina* for plaintiff.

*Messrs. E. H. F. Dottin* and *Martin Travieso* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case originated by filing a bill of complaint on January 8, 1919, praying for the rescission of a certain contract of sublease and a cane-grinding contract entered into between the parties on June 7, 1917. On July 9, 1919, a petition in intervention was filed by August and Constant Goffinet, praying that a certain refacción contract entered into by them with the defendant with reference to the contracts aforesaid be also rescinded. An affidavit was also filed showing good grounds for the appointment of a receiver to take possession of about one hundred and fifty (150) cuerdas of cane that the defendant had planted upon the property leased to him and which were held at the time by one Jaime Robinson as custodian under an attachment issued out of the Humacao district court. The court appointed said Jaime Robinson receiver upon the giving of a sufficient bond, and thereafter until the final decree herein said receiver entered into possession of and administered the one hundred and fifty (150) cuerdas of cane and delivered the canes to the plaintiff's central "Santa Juana," pursuant to orders entered in this case without objection by the defendant.

Opportunely, an answer was filed to the complaint and the cause set for hearing before the court, which lasted several days, and at which considerable evidence was taken on behalf of both parties. After the hearing the judge visited the locus

Société Anonymé des Sucreries de Saint Jean v. Berlingery.

in quo and made a personal examination of the conditions of the cane fields.

The matter was orally argued and briefs filed and the court handed down a decree on June 4, 1919, sustaining the complaint and ordering that the matter be referred to a special master for an accounting. It was the intention of the court at the time to file an opinion, but the same day that the decision was handed down, the present incumbent sailed for the United States and was absent for some time. Thereafter the matter was not again called to his attention until recently upon a report of the master for instructions as to what matters should be comprehended in the said accounting.

After further argument by counsel and considering again the briefs filed in this cause, the court recollects that it came to the conclusions expressed in the decree entered June 4, 1919, on the following grounds:

The court found from the evidence that the plaintiff had duly established the allegations of its complaint and that the allegations of the petition in intervention were also sustained by the evidence. The court appreciated that equity is reluctant to decree a rescission and would rather leave the parties to their remedy at law, but the evidence in this case established to the satisfaction of the court that the defendant had totally failed to comply with the essential conditions of his contracts and, furthermore, on account of his admitted insolvency it would have been impossible for him to have continued performance of the contract had the court denied the relief sought by plaintiff. Furthermore, it appeared to the court that the defendant had abandoned the property during the month of

Société Anonymé des Sucreries de Saint Jean v. Berlingery,

July, 1918, and thereby had virtually rescinded the contract by his own act.

In rescinding the contracts the court believed that matters should be returned as far as possible to the status quo as of the time when the defendant abandoned the property and in consequence that an accounting should be had showing the full amount of the proceeds from the canes that had been planted by the defendant and the expenses in cultivating and grinding these canes and that the defendant should be credited with any balance in his favor. It was not the intention of the court that plaintiff should account for the value of any canes that might have been planted by the plaintiff upon the balance of the property after the defendant abandoned same. Accordingly the master is hereby instructed that the accounting being had before him should be limited to the value of the sugars produced by all the canes that were planted on the property by the defendant.

It is so ordered.